No. 2263
Second Circuit Appeal

H. T. COTTAM & CO., LTD., v. O'SHEE BROS. COFFEE CO.
Miss Susie Afeman, third opponent, Intervenor.

(June 27, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Privilege—Par. 2, 3.**
Privileges do not arise as a matter of equity but only as a matter of law.

2. **Louisiana Digest—Interdiction and Interdicts—Par. 18, 19, 20.**
In view of Civil Code Articles 415 and 338 the curator of an interdict has no authority to continue a mercantile business for the account of the interdict.

3. **Louisiana Digest — Privilege—Par. 1, 2, 3.**
One employed by the curator of an interdict to carry on the business of the interdict has no privilege on the funds of the business because the curator is not authorized in law to conduct the business.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. H. L. Hooe, Judge.

This is a suit in which the point at issue depended upon the rights which the intervenor had on the property of the defendant, seized by the plaintiff under a writ of fieri facias.

There was judgment recognizing intervenor's claim and ordering it paid out of the proceeds of the seized property in preference to the plaintiff's claim.

The plaintiff appealed.

Judgment reversed.

B. T. Dawkins, of Alexandria, attorney for plaintiff, appellant.

G. A. Voltz, of Alexandria, attorney for defendant, appellee.

REYNOLDS, J. Nicholas D. O'Shee conducted a retail coffee business in the city

of Alexandria under the name of "O'Shee Bros. Coffee Co.," and employed Miss Susie Afeman as a clerk in his store.

Nicholas D. O'Shee was formally interdicted on November 10, 1920, and Patrick J. O'Shee duly appointed his curator.

Patrick J. O'Shee as curator assumed to continue for account of the interdict the business theretofore carried on by Nicholas D. O'Shee and retained the services of Miss Susie Afeman as a clerk in the store at a salary of $50 per month.

On April 4, 1922, H. T. Cottam & Co., Ltd., obtained judgment in the District Court of Rapides Parish against Patrick J. O'Shee as curator of Nicholas D. O'Shee for $1638.66 and legal interest thereon from November 1, 1921, as and for the price of merchandise by it sold and delivered to Nicholas D. O'Shee before his interdiction.

A writ of fieri facias was issued on this judgment and under it the sheriff of Rapides parish seized as the property of the interdict the stock of merchandise and furniture and fixtures of the business of O'Shee Bros. Coffee Co.

Thereupon third opponent, Miss Susie Afeman, filed her petition of intervention in the suit, setting up that O'Shee Bros. Coffee Co. was indebted to her in the sum of $600 for salary as clerk at $50 per month from July 1, 1921, to May 1, 1922, that the nature of her claim gave her a privilege on the property seized, and asking to be paid out of the proceeds of the sale thereof by preference over the seizing creditor.

By amended petition she alleged that she was employed by O'Shee Bros. Coffee Co. as clerk and rendered services in that capacity at $50 per month from May 1, 1921, to May 1, 1922, for which she had not been paid, and that she had a privilege on the property seized and was entitled to be paid out of the proceeds of the sale of the seized property in preference to the

seizing creditor and asked for judgment accordingly.

No defense was interposed by O'Shee Bros. Coffee Co. and judgment against it in favor of intervenor was rendered by default.

The minutes of court show that an answer to the intervention was filed by H. T. Cottam & Co., Ltd., on October 17, 1922. We do not find the answer in the record, but in the opinion of this court on the former appeal herein it is stated:

"The plaintiff company, among other defenses, denies the existence of the debt, and, of course, the third opponent carried the burden of establishing it."

The case went to trial between third opponent and H. T. Cottam & Co., Ltd., and there was judgment in favor of third opponent, recognizing her claim and ordering it paid out of the proceeds of the sale of the seized property in preference to the seizing creditor.

From this judgment H. T. Cottam & Co., Ltd., appealed to this court which reversed the judgment of the District Court on a question of admissibility of evidence and remanded the case for a new trial.

The case was tried anew in the District Court and that court, on October 31, 1923, again rendered judgment recognizing intervenor's claim and ordering it paid out of the proceeds of the seized property in preference to H. T. Cottam & Co., Ltd.

And from this judgment H. T. Cottam & Co., Ltd., has appealed to this court.

OPINION

In the District Court the seizing creditor urged that there was no contract between intervenor and the curator of Nicholas D. O'Shee for services in virtue of which she could have, as against it, a privilege on the seized property.

We are satisfied that there was a contract of employment between the curator

and Miss Susie Afeman for her services at $50 per month and that she did render the services and has not been paid therefor.

But counsel for H. T. Cottam & Co., Ltd., urges in his brief in this court that the curator was without authority to carry on the business of the interdict indefinitely and certainly had no authority to employ intervenor as a clerk from May 1, 1921, to May 1, 1922, at a salary of $50 per month, and that no privilege could arise under that employment that would entitle her to be paid in preference to H. T. Cottam & Co., Ltd.

Counsel for third opponent objects that this defense was not raised in the court below and says that it cannot be urged for the first time in this court.

It was incumbent on plaintiff to prove not only that the curator had employed her to render specific services at a certain salary and that she had rendered the services and not been paid therefor, but to prove, also, that the curator was legally authorized to make the contract on behalf of the interdict.

Civil Code, Article 415, provides:

"The person interdicted is, in every respect, like the minor who is under a tutor, both as it respects his person and estate; and the rules respecting the tutorship of the minor, concerning the oath, the inventory and the security, the recording of the legal mortgage, the mode of administering, the sale of the estate, the commission on the revenues, the excuses, the exclusion or the deprivation of the tutorship, the mode of rendering the accounts, and the other obligations apply with respect to the curatorship of the person interdicted.

And Section 338 provides:

"Within a month after the closing of the inventory the tutor must cause the movable effects of the minor to be sold unless he be authorized by the judge to preserve them in kind, in whole or in part, in consequence of the time approaching for the emancipation of the minor, or for any other sufficient reason; in which case the tutor shall return to the minor the estimated value of those movables, which he cannot restore in kind, or which he has suffered to deteriorate through want of care."

We know of no law authorizing a tutor to continue a mercantile business for account of the minor.

It follows, therefore, that Patrick J. O'Shee as curator of Nicholas D. O'Shee, was without authority to continue the business of the interdict, and hence was without authority to enter into any contract with intervenor for her services whereby she could acquire a privilege on the property seized for unpaid salary.

We are satisfied that intervenor rendered faithful services to the business carried on by the curator under the name of O'Shee Bros. Coffee Co., and that those services were well worth the amount claimed; but privileges are creatures of the law and can only exist where the law provides for them. They do not arise as a matter of equity but only as a matter of law, and there being no law according a privilege to intervenor to secure the payment of the salary earned by her as against the seizing creditor in this case her claim of a privilege must be denied.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be reversed, the demands of third opponent rejected and her petition of intervention as against H. T. Cottom & Co., Ltd., dismissed at her costs.